## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

DANIEL MORRISON,

               Plaintiff,

    vs.

STEPHEN J. JONES and
JONES, LLP,

               Defendants.

-----------------------------------------------------------------------X

## COMPLAINT

Plaintiff Daniel Morrison, by and through undersigned counsel, for his complaint against defendants Stephen J. Jones and Jones, LLP states and alleges as follows:

### PARTIES

1.     Plaintiff, Daniel Morrison ("Plaintiff'), is a citizen of the State of Connecticut and at all relevant times, resided and still resides in Westport, Connecticut.

2.     Plaintiff is an attorney licensed to practice law in the State of New York, the State of Connecticut, and various federal courts in New York and Connecticut.

3.     Defendant, Stephen J. Jones ("Jones"), is a citizen of the State of New York and, upon information and belief, resides in Scarsdale, New York.  Defendant Jones is an attorney licensed to practice law in the State of New York and the State of Connecticut.

4.     Defendant, Jones, LLP, the successor to Jones Morrison, LLP, is a citizen of the State of New York and at all relevant times was and is a domestic limited liability partnership duly organized and existing under the laws of the State of New York, with a principal place of

business located at 670 White Plains Road, Penthouse, Scarsdale, New York ("Jones, LLP" or the "Firm"). As the successor to Jones Morrison, LLP, Jones, LLP is responsible for its debts and obligations.  At all relevant times, Jones was the managing and sole equity partner of the Firm.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000. This Court has personal jurisdiction over the Firm because it operates its law business in the State of New York, and over defendant Jones who resides in New York and is the Manager of the Firm.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b). Defendants regularly conduct their business in the State of New York and the Firm, of which Jones is the Manager, has its office at 670 White Plains Road, Penthouse, Scarsdale, New York.

## FACTS

7.      In or about May 2007, Plaintiff and the Firm, acting through Jones, entered into an Agreement, drafted by the Firm and/or Jones, governing the terms under which Plaintiff would become an attorney in the Firm (the "Agreement").

8.      While Plaintiff held the title "Partner," in fact that was in name only.  Jones was the sole equity partner and manager of the Firm, alone sharing in profits and losses, and alone responsible for controlling the Firm's books and records, including any operating, business, or other bank accounts.

9.      Pursuant to the Agreement, Plaintiff, like other non-equity "partners" of the Firm, was obligated to pay the Firm a monthly fee towards Firm overhead ("Monthly Fee"), initially of $6,000 and by 2017 of $6,500 per month, which would be deducted from the fees collected on

Plaintiff's matters.  In return, the Firm would provide Plaintiff with, *inter alia*, office space, furnishings, secretarial support, professional liability insurance, office equipment and supplies, bookkeeping, telephone, state bar association dues, NYSBA continuing legal education, and other things.

10.     The Agreement provides that Plaintiff would receive: 100% of the all fees collected for work he originated and performed; 66% of fees for work he performed for other clients at the Firm; 30% of all fees collected for work he originated and was performed by associates or law clerks of the Firm; and 20% of all fees collected for work he originated and was performed by other Partners/counsel of the Firm.

11.     All of the monies received on Plaintiff-originated matters or other matters he worked on were to be deposited into a Firm account (the "Fee Income"), and the amount due Plaintiff after deduction of the Monthly Fee, remitted to Plaintiff the following month.

12.     Each month the Firm was to provide Plaintiff with a monthly Partner's Report and Running Account Balance Report, which would set forth, *inter alia*, the month's fee collections on his originated client files, and monthly bills and invoices for him to send to his own clients.

13.     Generally speaking, the Agreement was followed by Plaintiff and the Firm until sometime in 2016, when the Firm and Jones began failing to remit the Fee Income due to Plaintiff on a timely basis.

14.     Ultimately, on September 12, 2017, Plaintiff tendered a letter to Jones advising him of his resignation from the Firm "based on financial consideration, specifically, the Firm's failure to timely forward funds due [Plaintiff]."

15.     Jones and Plaintiff agreed that the effective date for Plaintiff's departure was September 30, 2017.

16.     As of September 30, 2017, Plaintiff had substantially performed all of his obligations under the Agreement and had no further contractual obligations to the Firm.

17.     Upon information and belief, Jones and/or the Firm misappropriated and diverted Plaintiff's Fee Income and used the same for their own personal gain and benefit, in violation of the Agreement and, in Jones' case, the New York Code of Professional Responsibility.

18.     As of September 30, 2017, the Partners' Report for Plaintiff indicated that the Firm owed Plaintiff $75,982.10 for receipts collected on matters originated by, and worked on by him.

19.     In the three months following Plaintiff's departure from the Firm, the monthly Partners' Reports were inaccurate and failed to reflect the actual receipts from Plaintiff's clients.

20.     The Partners' Report for Plaintiff for October 2017 reflects receipts of $3,755.92, rather than the actual receipts of $16,076.46.

21.     The Partners' Report for Plaintiff for November 2017 reflects receipts of $3,218.91, rather than the actual receipts of $14,699.82.

22.     The Partners' Report for Plaintiff for December 2017 reflects receipts of $6.50, rather than the actual receipts of $12,422.83.

23.     The Partners' Report for Plaintiff for December 2017 erroneously understates the cumulative amount of unpaid receipts to Plaintiff by $36,218.21 -- the report reflects receipts of $82,963.43, rather than the actual amount of $119,182.21 received by the Firm on Plaintiff's originated matters.

24.     Notwithstanding written requests by Plaintiff that it properly account for the receipts erroneously omitted from the Partners' Reports for October, November and December 2017, the Firm never provided Plaintiff with corrected Partners' Reports.

25.     The Firm also never provided Plaintiff with a Partners' Report for January 2018, when two additional payments on Plaintiff's matters were made to the Firm, totaling $6,658.00, nor did it remit these sums to Plaintiff.

26.     Thus, as of January 31, 2008, the amount due to the Plaintiff by the Firm was $125,839.21, plus interest due on the unpaid amounts.

27.     The only payments made by the Firm towards the amount due were payments of $1,000 in February 2018 and $5,000.00 in May 2018, leaving $120,839.21 due and owing Plaintiff, plus interest.

## CLAIMS FOR RELIEF

**COUNT ONE:**
**(Breach of Contract)**

1-27.   Plaintiff repeats and realleges paragraphs 1 to 27 as if fully set forth herein.

28.     By reason of the foregoing, Plaintiff has sustained damages and the amount due and owing to Plaintiff is $120,839.21, plus interest.

**COUNT TWO:**
**(Breach of Fiduciary Duty)**

1–27.   Plaintiff repeats and re-alleges paragraphs 1 to 27 as if fully set forth herein.

28.     By reason of Jones' role as the Manager of the Firm, and his exclusive control over the Firm's finances and the checking account(s) into which Plaintiff's Fee Income was deposited for Plaintiff's benefit, Jones owed Plaintiff a fiduciary duty, which gave rise to a duty of loyalty from Jones to the Plaintiff, and obligation on his part to act in the best interests of Plaintiff with respect to the Fee Income and to act in good faith in any matter relating to Plaintiff.

29.     Jones breached his fiduciary duty to Plaintiff by, *inter alia*, the following:

    a.      Jones advanced his own interests to the detriment of Plaintiff by willfully, intentionally, and maliciously misappropriating Plaintiff's Fee Income and

5

using them for his own personal gain and benefit or for the gain and benefit of the Firm.

b.      Jones used his position as Manager and sole equity partner of the Firm to willfully, intentionally, and maliciously misappropriate Plaintiff's Fee Income, monies that should have been segregated and not available to pay Firm obligations or available for Jones' personal use and benefit.

c.      Jones repeatedly promised and represented to Plaintiff that the delays in payments of Plaintiff's Fee Income was temporary, and would be made up in the immediate future, promises and representations he knew were false.

d.      Jones produced or caused to have produced Plaintiff's Partnership Reports for October, November, December 2017, which were intentionally inaccurate and omitted substantial Fee Income due Plaintiff, in an effort to mislead Plaintiff regarding the amount due and owing him.

30.      The Fee Income received on Plaintiff's originated matters belonged to Plaintiff.

31.      Jones, without authorization or consent, took possession of more than $120,000 of Plaintiff's Fee Income entrusted to the Firm and/or Jones, retained those funds and used them for his own personal benefit and gain or for the benefit and gain of the Firm.

32.      By reason of the foregoing, Plaintiff has sustained damages and the amount due and owing to Plaintiff is $120,839.21, plus interest.

**COUNT THREE:**
**(Conversion against Jones and Jones, LLP)**

1–27.    Plaintiff repeats and re-alleges paragraphs 1 to 27 as if fully set forth herein.

28.      By reason of Jones' role as the Manager of the Firm, and his exclusive control over the Firm's finances and the Firm's checking account(s) into which receipts of Plaintiff's Fee Income were deposited for Plaintiff's benefit, Jones was obligated to segregate the Fee Income and, apart from deducting the Monthly Fee, use said monies for no other purpose and to remit all such monies to Plaintiff.

29.     Jones and the Firm breached their obligations and/or duty to Plaintiff by, *inter alia*, the following:

  a.     Advancing their own interests to the detriment of Plaintiff by, with malice or reckless or willful disregard of Plaintiff's rights, misappropriating Plaintiff's Fee Income using them for their own personal gain and benefit.

  b.     Jones used his position as Manager and sole equity partner of the Firm to willfully, intentionally and maliciously misappropriate Plaintiff's Fee Income, monies that should have been segregated and not available to pay Firm obligations or for Jones' personal use and benefit.

  c.     Jones repeatedly promised and represented to Plaintiff that the delays in payments of Plaintiff's Fee Income was temporary, and would be made up in the immediate future, promises and representations he knew were false.

  d.     Jones and the Firm produced or caused to be produced Plaintiff's Partnership Reports for October, November, and December 2017, which were intentionally inaccurate and omitted substantial Plaintiff's Fee Income.

30.     The Fee Income received on Plaintiff's originated matters belonged to Plaintiff.

31.     Defendants, without authorization, took possession of more than $120,000 of Plaintiff's Fee Income, retained those funds and used them for their own personal benefit and gain.

32.     By reason of the foregoing, Plaintiff has sustained damages and the amount due and owing to Plaintiff is $120,839.21, plus interest.

**COUNT FOUR:**
**(Negligence)**

1–27.   Plaintiff repeats and re-alleges paragraphs 1 to 27 of Count One as if fully set forth herein.

28.     Defendants, including Jones due to his role as the Manager of the Firm and his exclusive control over the Firm's finances and the checking account(s) into which Plaintiff's Fee Income was deposited for Plaintiff's benefit, owed Plaintiff a duty of care with respect to the Fee Income.

29.     Defendants breached their duty to Plaintiff by *inter alia,* the following:

  a.   Failing to remit the Fee Income due to Plaintiff;

  b.   Failing to install appropriate safeguards to protect Plaintiff's Fee Income from being misappropriated or used for Jones' own personal gain and benefit or for the gain and benefit of the Firm.

  c.   Failing to segregate the Plaintiff's Fee Income such that it was unavailable to pay Firm obligations or for Jones' personal use and benefit.

  d.   Failing to produce accurate Partnership Reports for October, November, December 2017, or January 2018, which omitted substantial Plaintiff Fee Income and inaccurately indicated the amount due Plaintiff.

30.     The negligent acts set forth above proximately caused damage to Plaintiff, as Defendants took possession, retained and used more than $120,000 of Plaintiff's money for their own personal benefit and gain.

31.     By reason of the foregoing, Plaintiff has sustained damages and the amount due and owing to Plaintiff is $120,839.21, plus interest.

**COUNT FIVE:**
**(Defamation/Slander per se)**

1–27.   Plaintiff repeats and re-alleges paragraphs 1 to 27 of Count One as if fully set forth herein.

28.     Defendants committed slander *per se* by making disparaging remarks to one or more attorneys at the Firm that Plaintiff was "passive aggressive" and "non-engaged."

29.     The statements by Jones noted above are false and slander, *per se.*

30.     The statements by Jones have caused irreparable harm to Plaintiff, both with regard to his professional reputation and standing in the legal community within which he practices.

31.     The behavior by Defendants was wanton and malicious beyond that of a person in a civilized community, and was done with intent to cause harm to Plaintiff in complete and utter disregard for the truth.

32.     The statements by Jones are disparaging, slanderous, false and untrue.

33.     The statements by Jones on their face injure Plaintiff, and damages him in his capacity as a professional and the statements are slanderous *per se*.

34.     The statements by Jones are defamatory and slanderous *per se* and have resulted in special damages to Plaintiff, to wit: diminished reputation and standing in the legal community in which he practices.

35.     As such, Plaintiff is entitled to a finding of defamation and slander *per se,* and Judgment against Defendants.

## COUNT SIX:
## (Breach of Covenant of Good Faith and Fair Dealing)

1–27.   Plaintiff repeats and re-alleges paragraphs 1 to 27 of Count One as if fully set forth herein.

28.     By reason of Jones' role as the Manager of the Firm, and his exclusive control over the Firm's finances and the checking account(s) into which Plaintiff's Fee Income was deposited for Plaintiff's benefit, Jones owed Plaintiff a duty and obligation to act in the best interests of the Plaintiff with respect to the Fee Income, as part of the implied covenant of good faith and fair dealing under the Agreement.

29.     Defendants breached the covenant of good faith and fair dealing by, *inter alia,* the following:

      a.     Jones advanced his own interests to the detriment of Plaintiff by willfully, maliciously, and intentionally misappropriating Plaintiff's Fee Income and

using them for his own personal gain and benefit or for the gain and benefit of the Firm.

b.   Jones used his position as Manager and sole equity partner of the Firm to willfully, maliciously, and intentionally misappropriate Plaintiff's Fee Income, monies that should have been segregated and not available to pay Firm obligations or available for Jones' personal use and benefit.

c.   Jones repeatedly promised and represented to Plaintiff that the delays in payments of Plaintiff's Fee Income was temporary, and would be made up in the immediate future, promises and representations he knew were false.

d.   Jones produced or caused to have produced Plaintiff's Partnership Reports for October, November, December 2017, which were intentionally inaccurate and omitted substantial Fee Income due Plaintiff, in an effort to mislead Plaintiff regarding the amount due and owing him.

e.   Failing to install appropriate safeguards to protect Plaintiff's Fee Income from being misappropriated or used for Jones' own personal gain and benefit or for the gain and benefit of the Firm.

f.   Failing to segregate the Plaintiff's Fee Income such that it was unavailable to pay Firm obligations or for Jones' personal use and benefit.

30.   Jones, without authorization or consent, took possession of more than $120,000 of Plaintiff's Fee Income entrusted to the Firm and/or Jones, retained those funds and used them for his own personal benefit and gain or for the benefit and gain of the Firm.

31.   By reason of the foregoing, Plaintiff has sustained damages and the amount due and owing to Plaintiff is $120,839.21, plus interest.

**COUNT SEVEN:**
**(Fraud/Misrepresentation)**

1–27.   Plaintiff repeats and re-alleges paragraphs 1 to 27 of Count One as if fully set forth herein.

28.   By reason of Jones' role as the Manager of the Firm, and his exclusive control over the Firm's finances and the checking account(s) into which Plaintiff's Fee Income was deposited

for Plaintiff's benefit, Jones was responsible to act in the best interests of the Plaintiff with respect to the Fee Income.

29.     In 2016 and 2017, Jones, acting on behalf of the Firm, represented to Plaintiff that its failure to remit Plaintiff's Fee Income due under the Agreement was temporary and would be promptly rectified.

30.     Jones, acting on behalf of the Firm, repeatedly misrepresented to Plaintiff the true state of the financial health of the Firm, including its ability to remit Plaintiff's Fee Income in a timely manner.

31.     Defendants knew these statements were untrue when made, and Defendants made them with the intent to deceive Plaintiff and cause him, *inter* alia, to continue to work at the Firm and produce Fee Income that Defendants could then misappropriate for their own use and gain, and to avoid taking legal action to protect his interests.

32.     Defendants also produced Plaintiff's Partnership Reports for October, November, December 2017, which were intentionally false and inaccurate and omitted substantial receipts on Plaintiff's matters and Fee Income due Plaintiff, in an effort to mislead Plaintiff regarding the amount due and owing him.

33.     By reason of the foregoing, Plaintiff has sustained damages and the amount due and owing to Plaintiff is $120,839.21, plus interest.

## **PRAYER FOR RELIEF**:

WHEREFORE, the Plaintiff requests Judgment for:

    1.      Money damages.

    2.      Punitive damages.

    3.      Attorney's fees

    4.      Pre-judgment interest;

    5.      Costs of this action;

    6.      Such other and further relief as the court deems just, equitable and proper.

THE PLAINTIFF
DANIEL MORRISON

By:    *Matthew C. Mason*
       Matthew C. Mason (mm-5969)
       GREGORY AND ADAMS, P.C.
       190 Old Ridgefield Road
       Wilton, CT 06897
       203-762-9000
       Fax: 203-834-1628
       mmason@gregoryandadams.com
       New York Office:
       156 West 56th Street
       New York, NY 10021